UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

CORTEZ ANDERSON )
)
v. ) NO. 2:05-CV-213
)
HAMBLEN COUNTY, )
TENNESSEE, *ET AL.* )
)

# **O R D E R**

This plaintiff's complaint alleging violations of 42 *U.S.C.* §§ 1983 and 1988, and various Tennessee state law causes of action, is before the Court upon the plaintiff's motion to remand to the Circuit Court for Hamblen County, Tennessee. [Doc. 10]. Plaintiff's complaint was originally filed in the Circuit Court for Hamblen County, Tennessee on July 26, 2005. On August 19, 2005, the defendants filed a notice of removal in this Court.

The plaintiff contends that the defendants' notice of removal is flawed, claiming that not all defendants have given consent to the removal, and that the defendants have failed to plead any basis to establish this Court's jurisdiction.

28 *U.S.C.* § 1441 provides, in pertinent part:

> [A]ny civil action brought in a State court of which the
> district courts of the United States have original

jurisdiction, may be removed by the defendant or the
defendants, to the district court of the United States for
the district and division embracing the place where such
action is pending.

28 *U.S.C.* § 1446 describes the procedure for the removal, requiring the defendant or defendants desiring removal to file, within thirty (30) days after receipt by the defendant, a copy of the complaint along with a notice of removal "containing a short and plain statement of the grounds for removal."

The record before the Court reflects that each of the defendants is represented by the same counsel, and that all the defendants have joined in the removal of this case to federal court. The notice of removal begins "come the defendants" (Emphasis on plural added) and clearly indicates that all defendants, through their counsel, have joined in the removal of this case. Likewise, all defendants have filed jointly an answer to the complaint.

Plaintiff's argument that the removal is flawed because the defendants have failed to plead any basis for which they believe this Court has jurisdiction is frivolous. Further, the plaintiff's allegation that the case arises only under the laws of Tennessee and not federal law is clearly a misrepresentation of the plaintiff's complaint. The notice of removal clearly states, as required by 28 U.S.C. § 1446(a):

The Complaint filed herein involves a civil action over

      which the District Court of the United States has original
      jurisdiction in that it is a civil action arising under the
      Constitution, treaties or laws of the United States and it
      involves a Federal question. Therefore, this civil action
      is removable to this Court under the provisions of 28
      U.S.C. § 1441(b) and 28 U.S.C. § 1331.

The plaintiff's complaint in multiple places provides that the plaintiffs are setting forth a cause of action for violations of 42 *U.S.C.* § 1983 and 42 *U.S.C.* § 1988. Obviously, the plaintiffs have set forth a cause of action under the statutes of the United States over which this Court may exercise original jurisdiction, as well as claims under the laws of the State of Tennessee, over which this Court may exercise supplemental jurisdiction. 28 *U.S.C.* § 1331; 28 *U.S.C.* § 1367.

    For the foregoing reasons, the plaintiff's motion to remand is **DENIED**.

    ENTER:

                                              s/J. RONNIE GREER
                                      UNITED STATES DISTRICT JUDGE