# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CORTEZ ANDERSON,          ) | |
|     Plaintiff,          ) | |
|          ) | |
| v.          ) | NO. 2:05-CV-213 |
|          ) | |
| HAMBLEN COUNTY, TENNESSEE;          ) | |
| OTTO PURKEY, Sheriff; RON INMAN,          ) | |
| Head Jailer ; DAVID PURKEY, County          ) | |
| Mayor; SCOTT PURKEY, Shift Leader;          ) | |
| JAMES COFFREY, Correction Officer;          ) | |
| JESSIE DIXON, Correction Officer,          ) | |
|     Defendants          ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff's 42 U.S.C. § 1983 complaint is before the Court on plaintiff's "Motion To Reconsider And In The Alternative Application For Certification Under Rule 54(b)." [Doc. 136]. Because it is not clear that the Court retains jurisdiction to consider plaintiff's motion to reconsider, the Court will defer ruling on that portion of the plaintiff's motion. For the reasons which follow, however, the application for certification under Rule 54(b) will be DENIED.

A short recitation of the procedural background of the case is necessary to the consideration of the motion before the Court. Plaintiff's action pursuant to 42 U.S.C. § 1983 was filed July 26, 2005, in the Circuit Court for Hamblen County, Tennessee and was subsequently removed to this Court. The plaintiff's complaint asserts numerous bases of relief against both the municipal defendant and the individual defendants in their official and individual capacities. By Memorandum Opinion and Order filed February 25, 2008, this Court dismissed all claims against

all defendants except for a claim against correction officer James Coffrey in his individual capacity. [Doc. 133]. Plaintiff filed a notice of appeal from the February 25 order on March 4, 2008.

Thereafter, on March 26, 2008, an order was entered in the Sixth Circuit Court of Appeals which required plaintiff to show cause why his appeal should not be dismissed for lack of appellate jurisdiction in that the February 25, 2008, order is not final for purposes of appeal. The Sixth Circuit docket sheet does not reflect that plaintiff responded to the show cause order within the 14 days allowed by the Sixth Circuit. Plaintiff did, however, file the instant motion to reconsider or, in the alternative, for certification under Rule 54(b) in this Court on April 7, 2008. The defendants have responded to the motion. [Doc. 138].

In his motion, plaintiff seeks reconsideration by this Court of its decision, set forth in the February 25, 2008, Memorandum Opinion and Order, to decline supplemental jurisdiction over the plaintiff's state claims or, in the alternative, certify this case as appealable under Fed. R. Civ. P. 54(b). In the memorandum filed by plaintiff in support of his motion, he mentions his motion pursuant to Rule 54(b) in only one sentence and makes no effort to show why this matter should be certified for immediate appeal under Rule 54(b). Likewise, defendants, in their response, do not address the question presented under Rule 54(b).

A district court generally loses jurisdiction once a party files a notice of appeal. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). The Court does, however, retain jurisdiction to decide a timely-filed motion to reconsider. *See* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a)(4). Motions to reconsider are treated as Rule 59(e) motions in this circuit. *See Huff v. Metropolitan Life Insurance Company*, 675 F.2d 119, 122 (6th Cir. 1982). In order to be timely, a Rule 59(e) motion must be served not later than ten days after the entry of the judgment. Fed. R. Civ. P. 59(e). The motion to

reconsider was filed by the plaintiff in this case on April 7, 2008, almost six weeks after the entry of the Court's February 25, 2008, order. Thus, it is questionable whether this Court has any jurisdiction to consider plaintiff's motion for reconsideration while his appeal is pending in the Sixth Circuit, and this Court will defer any action on that portion of the motion pending a decision of the Sixth Circuit on its show cause order.

Certification of an order under Fed. R. Civ. P. 54(b) is proper only if the order disposes of at least one claim with the degree of finality required to satisfy the appealability standards of 28 U.S.C. § 1291. *Rudd Construction Equipment Co., Inc. v. Holmes Ins. Co.*, 711 F.2d 54, 56 (6th Cir. 1983). The Sixth Circuit has held that Rule 54(b) certification requires two independent findings. First, the district court must expressly "direct the entry of final judgment as to one or more but fewer than all the claims or parties" in a case. *General Acquisition v. GenCorp, Inc.,* 23 F.3d 1022, 1026 (6th Cir. 1994). Second, the district court must "expressly determine that there is no just reason to delay" appellate review. *Id.* It is only an "infrequent harsh case" which merits Rule 54(b) certification. *Rudd,* 711 F.2d at 56.

Plaintiff's appeal, if allowed, would promote piecemeal litigation. This lawsuit does not represent an "infrequent harsh case" which justifies a Rule 54(b) certification. The remaining claim against the remaining defendant arises from the same factual scenario as the dismissed claims, and plaintiff does not suggest any reason why delay pending resolution of the remaining claims would pose any kind of hardship for him. In fact, it appears that the well established principles of judicial economy and judicial efficiency dictate that the case should be concluded in this Court before an appeal to the Sixth Circuit. Nothing in this record even remotely suggests that the plaintiff would suffer hardship if the right to appeal were deferred pending resolution of the entire controversy on

the merits.  *See Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183-185 (2nd Cir. 1978).

Plaintiff's motion for certification under Rule 54(b) will, therefore, be DENIED.

SO ORDERED.

ENTER:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE